[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10453

Non-Argument Calendar

_____

RJ'S INTERNATIONAL TRADING, LLC,

Plaintiff-Appellant,

*versus*

CROWN CASTLE SOUTH, LLC,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-25162-CMA

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

RJ's International Trading, LLC, appeals the district court's denial of a permanent injunction following a trial at which RJI obtained damages to remedy Crown Castle South's trespass. The permanent injunction would have required Crown Castle South and non-party Crown Castle Fiber to remove fiber optic cables from RJI's property. We affirm.

**I**

In 1999, the original owners of the property at the center of this case, Hidden Valley Corporation and their lessee BellSouth Mobility, Inc., memorialized a nonexclusive easement "for utilities and vehicular and pedestrian ingress and egress over, across, and upon the [ ] Property for the purpose of constructing, maintaining, repairing and replacing utility facilities." D.E. 1 at 3 (emphasis omitted). When R.J. International Trading, Inc. purchased the property from Hidden Valley, the conveyance of the property was subject to any existing easements. R.J. International Trading, Inc. later conveyed the property to RJ's International Trading, LLC ("RJI").

About six years later, BellSouth entered into a sublease with Crown Castle South, granting Crown Castle South nonexclusive rights of ingress and egress, including access to and use of any and all easements. Pursuant to the sublease, Crown Castle South used a portion of the property to install and maintain a telecommunications tower. Soon after, Crown Castle South entered into a licensing agreement with Crown Castle Fiber that permitted Crown

Castle Fiber to "install, operate and maintain the [e]quipment at the [s]ide within the [l]icensed space." D.E. 100 at 6. The license did not cover any portion of the easement property.

In February of 2020, Crown Castle Fiber installed the fiber optic cables under the easement tract, mistakenly believing that it was complying with the easement. RJI soon thereafter notified Crown Castle Fiber of its trespass. After multiple unsuccessful attempts to resolve the dispute, RJI filed suit on December 18, 2020, against Crown Castle South—the company that licensed the cable installation to Crown Castle Fiber—for breach of easement, unjust enrichment, and trespass. Crown Castle Fiber was not named as a party to the suit.

RJI and Crown Castle South filed cross-motions for summary judgment in September of 2021. The district court granted RJI's motion, ruling that Crown Castle South (1) breached a valid easement agreement between the two parties; (2) was unjustly enriched by the placement of the fiber optic cables; and (3) trespassed on RJI's property. It also ruled that RJI was entitled to an injunction requiring Crown Castle South to remove the fiber optic cables from the property.

On Crown Castle South's motion for reconsideration, the district court vacated the injunctive relief portion of the order because it would have "effectively enjoin[ed] Crown Castle Fiber, a non-party, without any determination as to Crown Castle Fiber's role . . . in relation to the relevant events and claims in th[e] litigation." D.E. 124 at 3. The district court instead permitted RJI to

move for an injunction at the conclusion of trial, "once the parties ha[d] addressed with evidence and law whether Crown Castle Fiber's interests have been represented in the . . . dispute." D.E. 124 at 4.

At trial, the district court instructed the jury—with RJI's agreement—to "award [RJI] . . . money that . . . will compensate it for its loss, injury, or damage, including any damage RJI is reasonably certain to incur [or] experience *in the future.*" Jury Instr. 4 (emphasis added), D.E. 183 at 4. The jury awarded RJI $40,001.00 for its losses, both present and future.

After trial, RJI again moved for a permanent injunction on its trespass and breach-of-easement claims. The district court denied RJI's motion, reasoning that (1) RJI had already obtained an adequate remedy at law, (2) RJI could not obtain double recovery for its injury, and (3) enjoining non-party Crown Castle Fiber was improper because its rights and interests were not properly represented and adjudicated.

This appeal followed.

## II

We review a denial of a permanent injunction for abuse of discretion. *See Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009). It appears to be an open question in this Circuit whether, in a diversity case, federal or state law governs the issuance of a permanent injunction. RJI argues that state law—here, Florida law—applies. Crown Castle South does not take a position either way but does cite to both federal and Florida cases. Because

the application of either Florida or federal law is not determinative, we need not decide that issue here.

Under Florida law, a permanent injunction is proper when a party can show that (1) a clear legal right has been violated; (2) irreparable harm has been threatened; and (3) there is a lack of an adequate remedy at law. *See Liberty Counsel v. Florida Bar Bd. of Governors*, 12 So.3d 183, 186 n.7 (Fla. 2009). Federal law also weighs whether the permanent injunction will disserve the public interest. *See W. Va. ex rel Morrisey v. U.S. Dep't of Treasury*, 59 F.4th 1124, 1148 (11th Cir. 2023). Under both Florida and federal law, courts have broad discretion in deciding to award injunctive relief. *See Smith v. Coal. to Reduce Class Size*, 827 So.2d 959, 961 (Fla. 2002); *W. Va. ex rel Morrisey*, 59 F.4th at 1148–49.

Even in those cases where the requirements of a permanent injunction have been met, a court maintains broad discretion to deny permanent injunctive relief. *See Johnson v. Killian*, 27 So. 2d 345, 347 (Fla. 1946) (citing favorably principle that "although a mandatory injunction would ordinarily issue against the maintenance of an encroachment, thus compelling the removal of it, the remedy would not be available except when strong reasons were established"); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course."). *See also Yakus v. U.S.*, 321 U.S. 414, 440–41 (1944) (holding that even if the elements of a preliminary injunction are satisfied, a court has the discretion to deny injunctive relief).

RJI argues that the district court abused its discretion in denying its motion for a permanent injunction for three reasons. First, it asserts that it will continue to suffer irreparable harm due to Crown Castle Fiber's trespass. Second, it contends that a permanent injunction would not constitute "double recovery" because enjoining Crown Castle Fiber would not force the defendant—Crown Castle South—to answer to two forms of relief. Third, it argues that the district court erred in failing to consider "aiding and abetting" as an adequate basis for enjoining non-party Crown Castle Fiber.

Even assuming that RJI met the prerequisites for a permanent injunction, we do not believe that the district court, given the facts of this case, abused its discretion in denying injunctive relief. We find it significant that RJI both asked for and received monetary damages—for past and future economic harm—as a remedy for the continued presence of the fiber optic cables. Had RJI requested damages to cover the cost of removing the fiber optic cables, the situation might be different, but that was not the case.

Given the facts, the district court was well within its discretion to deny RJI permanent injunctive relief. *See Diefenderfer v. Forest Park Springs*, 599 So. 2d 1309, 1313 (Fla. 5th DCA 1992) ("In a proper case a mandatory injunction can be refused but some damages or costs must be assessed to compensate the dominant tenement owners for any loss."); *Lemon v. Kurtszman*, 411 U.S. 192, 200 (1973) ("In shaping equity decrees, the trial court is vested with broad

23-10453                Opinion of the Court                7

discretionary power; appellate review is correspondingly narrow.").
We find no basis for reversal.

### III

The district court did not abuse its discretion in denying RJI's
request for a permanent injunction.

**AFFRIMED.**